**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | |
|---|---|
| MAXELL, LTD., <br><br>                            Plaintiff, <br><br>v. <br><br>SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., <br><br>                        Defendants. | Case No. 5:23-CV-00092-RWS <br><br>**JURY TRIAL DEMANDED** |

## PROTECTIVE ORDER

WHEREAS, Plaintiff Maxell, Ltd. ("Maxell") and Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung"), hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and **ORDERED** that:

1.    Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material").  Protected Material shall

be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE." The appropriate designation shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the appropriate designation shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript is Protected Material.

2.      Any document produced under Patent Rules 2-2, 3-2, and/or 3-4 before issuance of this Order with the designation "Confidential" or "Confidential - Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "RESTRICTED - ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3.      With respect to documents, information or material designated "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," both individually and collectively.

Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations.  All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.     A designation of Protected Material (i.e., "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE") may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

5.     "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 12 herein:

      a.   outside counsel of record in this Action for the Parties;

b.   employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

c.   employees for each Party who are attorneys ("in-house counsel") who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action;

d.   up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that either party may in good faith request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent;

e.   outside consultants or experts (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action or another prior or pending case between Maxell or Samsung and a Third Party; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert at least seven (7) days before access to the Protected Material is to be given to that consultant or expert in order to allow the producing Party to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to

resolve any such objection.  If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

f.   independent litigation support services, including persons working for or as court reporters, translators or interpreters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action;

g.   any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Order; and

h.   the Court, jury, and the Court's personnel.

6.      A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7.      Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not

be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8.      To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "RESTRICTED – ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may designate such Protected Material as "RESTRICTED – CONFIDENTIAL SOURCE CODE."

9.      For Protected Material designated RESTRICTED – ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-b) and (e-h). In the event that a Party has a reasonable need to share Protected Material designated RESTRICTED – ATTORNEYS' EYES ONLY with individuals listed in paragraph 5(c), the requesting Party shall identify with specificity the Protected Materials sought to be shared and the reasonable need therefore, and the parties agree to meet and confer regarding such request.

10.     For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE, the following additional restrictions apply:

a. Access to a Party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet) running a reasonably current version of the Microsoft Windows operating system. The stand-alone computer(s) may be connected to (i) a printer, or (ii) a device capable of temporarily storing electronic copies solely for the limited purposes permitted pursuant to paragraphs 10 (i and m) below. Additionally, except as provided in paragraph 10(m) below, the stand-alone computer(s) may only be located at the offices of the producing Party's outside counsel. No electronic devices (including cell phones, PDAs, cameras, recordable or storage media (e.g., USB thumb drive, etc.)), or computers (other than a notetaking laptop that cannot connect to the Internet and does not contain a webcam/camera) will be permitted inside the source code review room.  A reviewer of a receiving Party may not leave overnight work product or other materials to which the receiving Party claims privilege in the room used to inspect the producing Party's Source Code Material.  The producing Party may exercise personal supervision of the review from outside the review room. Such supervision shall not, however, entail review of any work product generated by the receiving Party, e.g., monitoring the screen of the standalone computer(s), monitoring any surface reflecting any notes or work product of the receiving Party, or monitoring the key strokes of the receiving Party.  Upon request by the receiving Party and approval by the producing Party, the producing Party will make reasonable efforts to install reasonable analysis tools appropriate for the type of Source Code, supplied by the producing Party, and the receiving Party's expense,

with a license for such tools supplied by the receiving Party at least five (5) business days in advance of the date upon which the reviewer wishes to have the software tools available for use on the source code computer, provided it does not side-step any of the security features enabled on a Source Code Computer (e.g., enable connection and use of USB thumb drives), and does not allow the receiving party to compile or otherwise alter the Source Code Material;

b. The receiving Party shall provide three business (3) days' notice any time it seeks access to the producing Party's stand-alone computer(s).  The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 5:00 p.m.  However, upon reasonable notice from the receiving party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

c. All persons who will review source code on the stand-alone computer on behalf of a receiving Party shall be identified in writing to the producing Party at least two (2) business days prior to review (subject to availability of the stand-alone computer). The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s);

d.  The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above;

e.  Access to Protected Material designated RESTRICTED CONFIDENTIAL - SOURCE CODE shall be limited to the following persons:

   i.   Outside Litigation Counsel of record in this Litigation, and administrative staff employed by such litigation counsel who are necessarily incident to the litigation of this Litigation;

   ii.  The Court, jury, and the Court's personnel;

   iii. Court reporters, stenographers and videographers transcribing or recording testimony at depositions, hearings, or trial in this Litigation, provided that such persons agree to be bound by the provisions of this Protective Order;

   iv.  a reasonable number of qualified experts or consultants retained by a party for purposes of this Litigation (under Paragraph 5(e) of this Protective Order);

   v.   outside vendors retained for the purpose of preparing graphics or presentations for use as a demonstrative in a brief or other form of submission or proceeding incident to this Litigation;

   vi.  a Supplier's own employees, 30(b)(6) witnesses, or expert witnesses; and

   vii. anyone else to whom the Supplier consents, as long as such consent is expressly provided in writing by outside counsel of record for the Supplier.

A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, provided that the Source Code Documents are appropriately marked

under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

f.  To enable electronic note taking during Source Code reviews, the producing Party of Source Code shall also provide an additional "note-taking" computer loaded with at least Microsoft OneNote and Microsoft Word software (or an equivalent word processing application), unless otherwise agreed by the producing Party and the receiving Party. The note-taking computer shall either be a portable laptop or be located in close proximity to the stand-alone computer to facilitate electronic note taking.

   i.   At the beginning of a Source Code review session, the producing Party shall, when requested by the receiving Party, upload to the note-taking computer an encrypted notes file (e.g., using an encrypted USB thumb drive from the producing Party).

   ii.  The reviewer may then decrypt and open the notes file using the note-taking computer for the purpose of taking notes during the Source Code review session. During the Source Code review session, the producing Party may disable any input and/or output ports and devices on the note-taking computer (e.g., disable any USB ports, Wi-Fi or Ethernet connectivity, and/or optical disc drives) except as necessary to enable the reviewer to take notes (e.g., enable mouse and keyboard).

   iii. At the end of a Source Code review session, the reviewer may save any notes in the same encrypted notes file. The producing Party shall, when

requested by the reviewer, download from the note-taking computer the encrypted notes file and provide an electronic copy to the reviewer. Such notes will be labeled "RESTRICTED   CONFIDENTIAL   - SOURCE CODE."

   iv.  If requested by the producing Party, a copy of the encrypted notes file shall remain on the note-taking computer, so long as it remains encrypted.

   v.  If requested by the producing Party, a representative for the producing Party may oversee the transfer of the encrypted notes file from the secure data storage device to the note-taking computer, and vice-versa, without reviewing the substance of the electronic notes.

   vi.  The reviewer shall not take notes electronically on the stand-alone computer itself or any other computer or electronic device (besides the note-taking computer) while conducting a review.

   vii.  The reviewer shall also be entitled to take handwritten notes relating to the Source Code but may not copy the Source Code into the notes. Such notes will be labeled "RESTRICTED  CONFIDENTIAL  - SOURCE CODE."

g.  To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as   RESTRICTED  CONFIDENTIAL  SOURCE  CODE  or  (2)  those  pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

h.  Except as set forth in paragraph 10(m) below, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except

as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

i. The stand-alone computer shall be configured with a means for selecting Source Code for printing as permitted herein, including being equipped to store print requests in a print folder. At the request of the receiving Party, the producing Party shall, within three (3) business days of the request, provide three (3) hard copy print-outs on watermarked paper of the Source Code that the receiving Party believes in good faith is necessary to understand a feature relevant to this Litigation.

    i. Except as otherwise provided herein, for any Source Code provided on the Source Code Computer, the total number of print-outs existing at any time shall not exceed five (5) copies, absent express permission from the producing Party. The receiving Party of any Source Code shall maintain a log of all paper copies of the Source Code. The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored. Upon three (3) business days' advance notice to the receiving Party by the producing Party, the receiving Party shall provide a copy of this log to the Supplier.

    ii. If the producing Party objects to the production of the requested Source Code because the request is excessive, it shall state its objection within three (3) business days from the Receiving Party's request for printed copies of the Source Code. For purposes of this paragraph, printed portions of Source Code that exceed four hundred (400) total pages for any software release shall be rebuttably presumed to be excessive and cannot be printed for a

permitted purpose absent the agreement of the producing Party or an order from the Court. A request for printing of a continuous block of more than twenty-five (25) pages of Source Code shall be rebuttably presumed to be excessive and cannot be printed for a permitted purpose absent the agreement of the producing Party or an order from the Court. One page of printed Source Code shall mean one column of Source Code printed in size 12 font on one single-sided sheet of paper measuring no more than 8 and 1/2 inches by 11 inches. The producing and receiving Party agree to meet and confer within two (2) business days of service of the producing Party's objection to attempt to resolve such objection. If the producing and receiving Party cannot resolve such objection during this meet and confer, the receiving Party may file a motion to compel the production of the requested Source Code.

iii. Upon printing any such portion of Source Code, the receiving Party shall log the location of the electronic file(s) from which each print-out is made such that the electronic file(s) may be readily located on the stand-alone computer. Such logging shall include, but is not limited to, complete filenames, directory paths, line numbers and, as applicable, version numbers and revision numbers. The receiving Party shall supply this log to the producing Party at the end of each review session (such log, the "Source Code Review Print Log"). The producing Party shall provide to the receiving Party a hard copy of the Source Code Review Print Log, along with and according to the terms provided above for provision of, hard copy

print-outs of the corresponding Source Code. The receiving Party's failure to adequately log the location of the file(s) it prints shall be at least one non-exclusive ground on which the producing Party may object and properly refuse to produce the printed pages.

j.  All paper copy print-outs of Source Code shall be made on Bates numbered paper clearly labeled "RESTRICTED CONFIDENTIAL SOURCE CODE" on each page provided by the producing Party. Each page of printed Source Code shall include in the header or footer the complete path and file name of the Source Code, and if possible line number, so that the source of the Source Code can be readily identified.

k.  Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE" and shall continue to be treated as such;

l.  If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (e.g., a hotel prior to a Court proceeding or deposition);

i.   To the extent that depositions are conducted in person, the receiving Party is permitted to request that the producing Party provide an additional (1) hard copy of identified, printed Source Code files for use at a deposition. These copies do not count against the total copies provided for under paragraph 10(i), but if additional hard copies of Source Code are generated for depositions, they must be added to the print log. The copies are to be printed on color paper to make them easily distinguishable from originals. The receiving Party must make such request at least three (3) business days prior to the deposition at which the copies may be used.

ii.  To the extent that the depositions are conducted remotely, the receiving Party shall not bring copies of any printed Source Code. Rather, at least two (2) business days prior to the deposition, the receiving Party shall provide the producing Party the Bates numbers for the specific previously printed pages of Source Code it wishes to use at the deposition, and the producing Party shall either bring printed copies of those pages to the deposition or send, via secure courier, the requested printed copies to the witness for use by the witness during the deposition. If any printed copies are provided to the witness directly, the printouts must be destroyed at the conclusion of the deposition.

iii. A computer with Source Code must be made available upon request at a deposition as follows: At least ten (10) days before the date of the deposition, or in the case of a deposition scheduled less than seven (7) days in advance, no less than 24 hours after scheduling such deposition, the

receiving Party shall notify the producing Party if the receiving Party wishes to have a Source Code Computer available at the deposition. To the extent the location and schedule of depositions makes it impractical to have a Source Code computer at multiple depositions where it is necessary, the parties will meet and confer to determine which portions of source code will be used at which depositions, so that a reasonable number of additional Source Code Computers may be efficiently created and made available. The computer upon which Source Code is made available at the deposition shall include appropriate software analysis tools as discussed above in paragraph 10(a), provided the receiving Party has, at its expense, provided the producing Party with a license for such software tool in sufficient time to have it properly loaded on the deposition Source Code Computer.

iv. Copies of Source Code that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. The deposition transcript shall be designated and is to be treated as "RESTRICTED CONFIDENTIAL SOURCE CODE." Moreover, the marked original exhibit shall be maintained by the receiving Party until trial. All other copies used at a deposition shall be destroyed or returned to the producing Party. This provision does not prevent the attorney taking the deposition from bringing personally to the deposition a printed copy of the Source Code that contains work product notes for the taking of the

deposition, which copy shall be retained by the deposing attorney at the end of the deposition.

m.  A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 10(e) above to another person authorized under paragraph 10(e) above, on paper or removable electronic media (e.g., a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express or other similarly reliable courier.  Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet.  Source Code Material may only be transported electronically for the purpose of Court filings or proceeding(s) or deposition(s) as set forth in paragraph 10(l) above and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the Source Code Materials may be loaded onto a stand-alone computer.

n.  Where absolutely necessary, required, or requested by the Court, the receiving Party and the producing Party may make further copies of original Source Code print-outs in the form required to be included in connection with a Court filing, hearing, or trial, and of only the specific pages actually cited in the Court filing and that are directly relevant to and necessary for deciding the issue for which the portions of the Source Code are being filed or offered. For the sake of clarity, a Court filing may not consist of excerpts containing more than five (5) pages of continuous Source Code. To the extent portions of Source Code are quoted in a Court filing, either (1) the entire document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE; or (2) those pages containing

quoted Source Code will be separately stamped and bound and treated as RESTRICTED CONFIDENTIAL SOURCE CODE. Images or copies of Source Code shall not be included in correspondence between the parties. To the extent the receiving Party needs to identify or address deficiencies in or issues pertaining to the source code production in correspondence, the receiving Party is permitted to include source code filenames and/or file paths identifying the subject source code via encrypted electronic means.

11. Absent the written consent of the producing Party, any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material of a technical nature (e.g. excluding documents that are related to the financial information of a party) that is designated RESTRICTED – ATTORNEYS' EYES ONLY and/or RESTRICTED – CONFIDENTIAL SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals. To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to

the field of invention of the patent-in-suit.  For sake of clarity, any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive another Party's HIGHLY SENSITIVE MATERIAL, may participate, supervise and assist in any and all proceedings before the U.S. Patent and Trademark Office, including without limitation *Inter Partes* Review (IPR) proceedings, even if they have received the other Party's HIGHLY SENSITIVE MATERIAL, provided that they do not participate or assist in any claim drafting or amendment of claims in such proceedings.

12.     Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity.  If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

13.     There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

14.     Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraphs 9 and 10 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court. Counsel for any producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), and translators, any person who is not authorized by this Protective Order to receive or access Protected

Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

15.   Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED – ATTORNEY' EYES ONLY," or "RESTRICTED – CONFIDENTIAL SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order.  Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as confidential.

16.   Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

17.   The Order applies to pretrial discovery.  Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

18.     A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions.  In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met.  Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

19.     Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order.  A copy of the acknowledgment form is attached as Appendix A.

20.     To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

21.     To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" any documents, information or other material, in whole or in part, produced or given by such

Third Parties. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

22. Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed. Outside counsel of record in this Action for the Parties may, however, retain for their records a single copy of any pleadings, contentions, discovery requests/responses, deposition transcripts, and/or expert reports that constitute DESIGNATED MATERIAL. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request. The foregoing requirements do not apply to DESIGNATED MATERIAL that has been archived on backup media or otherwise stored as difficult-to-access backup data according to a Receiving Party's normal or allowed processes.

23. The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.  The entry of this Order and/or the production of documents, information and

material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

24.    Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

25.    Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

26.    Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

27.    Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

**So ORDERED and SIGNED this 12th day of January, 2024.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

|  |  |
|---|---|
| MAXELL, LTD.,<br><br>                          Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD. and<br>SAMSUNG ELECTRONICS AMERICA,<br>INC.,<br><br>                          Defendants. | Case No. 5:23-CV-00092-RWS<br><br>**JURY TRIAL DEMANDED** |

**APPENDIX A**
**UNDERTAKING OF EXPERTS OR CONSULRANTS REGARDING**
**<u>PROTECTIVE ORDER</u>**

        I, _____, declare that:

1.      My address is _____.

        My current employer is _____.

        My current occupation is _____.

2.      I have received a copy of the Protective Order in this action.  I have carefully read and

understand the provisions of the Protective Order.

3.      I will comply with all of the provisions of the Protective Order. I will hold in confidence,

will not disclose to anyone not qualified under the Protective Order, and will use only for

purposes of this action any information designated as "CONFIDENTIAL,"

"RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL

SOURCE CODE," that is disclosed to me.

4.      Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____