IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| MAXELL, LTD.,<br><br>     Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>     Defendants. | Case No. 5:23-CV-00092-RWS<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF MAXELL, LTD.'S UNOPPOSED MOTION FOR LEAVE TO SERVE SUPPLEMENTAL INFRINGEMENT CONTENTIONS**

Pursuant to P.R. 3-6(b), Plaintiff Maxell, Ltd. ("Maxell") hereby moves for leave to serve supplemental infringement contentions (attached as Exhibit A) on Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. ("Samsung"). The parties have met and conferred, and Samsung does not oppose this motion.

## I. INTRODUCTION

Maxell served its P.R. 3-1 and 3-2 Disclosure of Asserted Claims and Infringement Contentions on Samsung in this case on January 11, 2024. In its Disclosure, Maxell set forth its asserted claims and infringement contentions for seven asserted patents: U.S. Patent No. 8,037,161 ("the '161 Patent"), U.S. Patent No. 8,982,086 ("the '086 Patent"), U.S. Patent No. 10,176,848 ("the '848 Patent"), U.S. Patent No. 11,223,757 ("the '757 Patent"), U.S. Patent No. 11,017,815 ("the '815 Patent"), U.S. Patent No. 10,129,590 ("the '590 Patent"), and U.S. Patent No. 11,445,241 ("the '241 Patent") (collectively, the "Asserted Patents"). On March 7, 2024, Maxell

served a corrected version of its P.R. 3-1 and 3-2 Disclosure of Asserted Claims and Infringement Contentions on Samsung in this case. On May 24, 2024, Maxell served supplemental infringement contentions identifying additional evidentiary support from Samsung's source code and to add the parties' proposed claim constructions.

As discovery in the case progressed, Maxell identified two categories of additional products being sold by Samsung: (1) new products released by Samsung since Maxell served its infringement contentions; and (2) other products identified by Samsung in its discovery responses as having similar functionality to the accused products and were sold in the United States during the relevant damages period. Maxell has sought discovery on such products and now seeks to add them to its infringement contentions as accused products in this case, as shown in Exhibit A.[1] These additional products will be accused of infringing the Asserted Patents under the same infringement theories that Maxell previously disclosed in its infringement contentions. Samsung does not oppose their addition to Maxell's infringement contentions in this case.

## II. LEGAL STANDARD

Patent Rule 3-6(b) permits a party to amend or supplement its Infringement Contentions "by order of the Court, which shall be entered only upon a showing of good cause." P.R. 3-6(b). The Court evaluates "good cause" using four factors: (A) the explanation for the party's failure to meet the deadline; (B) the importance of the thing that would be excluded if leave to amend was not granted; (C) the potential prejudice in allowing the thing that would be excluded; and (D) the availability of a continuance to cure such prejudice. *Alexsam, Inc. v. IDT Corp.*, No. 2:07-cv-420-CE, 2011 WL 108725, at *1 (E.D. Tex. Jan. 12, 2011). Maxell below addresses each of these factors in turn.

---

[1] The only other edits made to Maxell's infringement contentions, as shown in redline in Exhibit A, are to update the asserted claims based on Maxell's Preliminary Election of Asserted Claims.

**III.   ARGUMENT**

Good cause to grant Maxell's request for leave exists. Maxell was unable to include the additional products that it now seeks to add in its initial infringement contentions because either (1) such products had not yet been released by Samsung in the United States or (2) based on publicly available information, were not known to Maxell as having been sold in the United States during the relevant damages period. Adding these additional products is important because it enables the parties and the Court to adjudicate such products within the framework of the current case. Otherwise, the parties will have to litigate the products in a second action, based on almost the exact same facts and discovery that have been disclosed in the current case. There is no prejudice in permitting the addition of these products to Maxell's infringement contentions and this case. Moreover, Samsung does not oppose such addition. No infringement theories will be impacted by supplementing Maxell's infringement contentions with the additional products. Thus, no prejudice will result from granting Maxell's motion. Accordingly, all four factors weigh in favor of finding that good cause exists to grant Maxell leave to supplement its infringement contentions to identify these additional products by name and/or model number.

> **A.   The Products Maxell Seeks to Add to its Infringement Contentions Were Not Known to Maxell at the Time of Service of its Initial Contentions.**

Maxell satisfied its obligations with respect to P.R. 3-1 and 3-2 when it served its infringement contentions on January 11, 2024. In those contentions, Maxell listed all known accused products by name and/or model number that it was able to identify based on publicly available information. Anticipating that other products would be identified or released during the course of the case, Maxell further defined the accused products to include any additional product with the same accused functionality in its infringement contentions. More specifically, Maxell included the following in its infringement contentions:

3

- As to the '161 Patent, accused products include "any yet to be released products or additional product that includes similar SmartThings functionality…."

- As to the '086 Patent, accused products include "any yet to be released products or additional product that includes an in-display fingerprint sensor and similar fingerprint authentication functionality…."

- As to the '848 Patent, accused products include "any yet to be released products or additional product that includes similar people album functionality…."

- As to the '757 Patent, accused products include "any yet to be released products or additional product that includes similar Bixby functionality…."

- As to the '815 Patent, accused products include "any yet to be released products or additional product that includes similar Samsung Quick Share and video storage management functionality…."

- As to the '590 and '241 Patents, accused products include "any yet to be released products or additional product that includes similar video transfer via Samsung Quick Share while connecting to the Internet over cellular networks and Samsung Pay functionality…."

*See* Exhibit B, Maxell's Jan. 11, 2024 Infringement Contentions Cover Pleading, at 3-16.

Through independent research and Samsung's discovery responses, Maxell has discovered that, since the time it served its infringement contentions, Samsung has released additional products and identified other products that were previously unknown to Maxell as being sold in the United States during the relevant damages period. Once Maxell identified such products, Maxell sought discovery from Samsung regarding the same. Maxell investigated the products independently and concluded that they fall within the definitions of accused products set forth in its infringement contentions. Maxell now seeks to supplement its infringement contentions to identify such products by name and/or model number. Specifically, Maxell seeks to supplement its infringement contentions to identify the following additional products for each asserted patent:

4

- As to the '161 Patent: Galaxy A15 5G, Galaxy A25 5G, Galaxy A35 5G, Galaxy Z Fold6, Galaxy Z Flip6, Galaxy Book S, Galaxy Tab A9+ 5G, Galaxy Tab Active5 5G, Galaxy A23 5G UW, and Galaxy A53 5G UW[2].

- As to the '086 Patent: Galaxy A15 5G, Galaxy A25 5G, Galaxy A35 5G, Galaxy Z Fold6, Galaxy Z Flip6, Galaxy Book S, Galaxy Tab Active5 5G, Galaxy A23 5G UW, and Galaxy A53 5G UW.

- As to the '848 Patent: Galaxy A15 5G, Galaxy A25 5G, Galaxy A35 5G, Galaxy Z Fold6, Galaxy Z Flip6, Galaxy Tab A9+ 5G, Galaxy Tab Active5 5G, Galaxy A23 5G UW, and Galaxy A53 5G UW.

- As to the '757 Patent: Galaxy A15 5G, Galaxy A25 5G, Galaxy A35 5G, Galaxy Z Fold6, Galaxy Z Flip6, Galaxy Tab Active5 5G, Galaxy A23 5G UW, and Galaxy A53 5G UW.

- As to the '815 Patent: Galaxy A15 5G, Galaxy A25 5G, Galaxy A35 5G, Galaxy Z Fold6, Galaxy Z Flip6, Galaxy Tab A9+ 5G, Galaxy Tab Active5 5G, Galaxy A23 5G UW, and Galaxy A53 5G UW.

- As to the '590 Patent and '241 Patent: Galaxy A15 5G, Galaxy A25 5G, Galaxy A35 5G, Galaxy Z Fold6, Galaxy Z Flip6, Galaxy A23 5G UW, and Galaxy A53 5G UW.

This Court has regularly granted motions for leave to supplement infringement contentions where based upon new products or information newly disclosed during discovery. *Realtime Data, LLC v. Rackspace US, Inc.*, No. 6:16-CV-00961, 2017 WL 2636540, at *3 (E.D. Tex. June 19, 2017) (finding diligence and granting motion for leave to add new product where information about product identified for first time in deposition); *TiVo, Inc. v. Verizon Commc'ns, Inc.*, No. 2:09-CV-257-JRG, 2012 WL 2036313, at *2 (E.D. Tex. June 6, 2012) (granting motion to supplement to add product not deployed at time of original infringement contentions); *SmartPhone Techs. LLC v. HTC Corp.*, No. 6:10-CV-580, 2012 WL 1424173, at *2 (E.D. Tex. Mar. 16, 2012) (granting motion to amend infringement contentions to add devices released after original infringement contentions served).

---

[2] The base models "A23 5G" and "A53 5G" were previously accused, but through discovery Maxell learned of the existence of additional versions of these two models that include a "UW" in the product name.

### B. Maxell's Proposed Supplement is Important.

With respect to this factor, the Eastern District of Texas considers the effects of exclusion on judicial economy. *See, e.g.*, *Tivo Inc. v. Verizon Commc'ns, Inc.*, No. 2:09-cv-257-JRG, 2012 WL 2036313, at *2 (E.D. Tex. June 6, 2012). If exclusion will result in non-adjudication of a dispute between the parties, then this factor weighs in favor of the party moving to amend because exclusion raises the probability of a subsequent lawsuit. Maxell's proposed supplement to its infringement contentions is important because it ensures that Maxell will have the opportunity to establish infringement and damages relating to products that have been made available for sale in the United States during the relevant damages period. If Maxell is not permitted to add the products, as agreed to by Samsung, the parties would be forced to litigate whether these additional products infringe the Asserted Patents in a separate litigation, based on almost entirely the same discovery exchanged already in this litigation. Such a result would not be efficient for either the Court or the parties. Moreover, exclusion of the additional products would prevent the entire dispute between Maxell and Samsung related to the Asserted Patents from being fully resolved. As such, this factor weighs in favor of granting Maxell's motion.

### C. No Prejudice Will Result From the Additional Accused Products.

Samsung does not oppose Maxell's proposed addition of the aforementioned products to its infringement contentions and this case. And, the requested supplementation will not change any prior infringement theories set forth by Maxell. In view of the foregoing, no prejudice will result to Samsung as a result of granting Maxell's motion. Fact discovery does not close until October 29, 2024, and expert discovery extends into early January 2025. Maxell does not understand Samsung to seek any continuance resulting from the requested supplements. It follows that no continuance would be needed to cure any prejudice. Indeed, no alteration of the Docket Control Order would be needed.

## IV.    CONCLUSION

Maxell requests leave to supplement its infringement contentions only to identify by name and/or model number products that were released in the United States by Samsung after Maxell served its original infringement contentions and products first identified in discovery as being sold in the United States during the relevant damages period. Maxell's proposed supplementation does not alter any prior infringement theories advanced by Maxell. Maxell respectfully submits that it meets the good-cause standard of P.R. 3-6(b). In view of the foregoing, and Samsung's stated non-opposition to Maxell's motion, Maxell respectfully requests that it motion be granted.

Dated: September 20, 2024

By:  /s/ *Jamie B. Beaber*

Geoff Culbertson
Kelly Tidwell
Patton, Tidwell & Culbertson, LLP
2800 Texas Boulevard (75503)
Post Office Box 5398
Texarkana, TX 75505-5398
Telephone: (903) 792-7080
Facsimile: (903) 792-8233
gpc@texarkanalaw.com
kbt@texarkanalaw.com

Jamie B. Beaber
Kfir B. Levy
Alan Grimaldi
James A. Fussell, III
Tiffany A. Miller
Saqib J. Siddiqui
Bryan C. Nese
Alison T. Gelsleichter
Tariq Javed
Courtney M. Krawice
Séké G. Godo
MAYER BROWN LLP
1999 K Street, NW
Washington, DC 20006
Telephone: (202) 263-3000
Facsimile: (202) 263-3300
jbeaber@mayerbrown.com
klevy@mayerbrown.com
agrimaldi@mayerbrown.com

        jfussell@mayerbrown.com
        tmiller@mayerbrown.com
        ssiddiqui@mayerbrown.com
        bnese@mayerbrown.com
        agelsleichter@mayerbrown.com
        tjaved@mayerbrown.com
        ckrawice@mayerbrown.com
        sgodo@mayerbrown.com

        Robert G. Pluta
        Amanda Streff Bonner
        MAYER BROWN LLP
        71 S. Wacker Drive
        Chicago, IL 60606
        (312) 782-0600
        rpluta@mayerbrown.com
        asbonner@mayerbrown.com

        *Counsel for Plaintiff Maxell, Ltd.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this notice was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3)(A), on September 20, 2024.

By: */s/ Jamie B. Beaber*
Jamie B. Beaber

**CERTIFICATE OF CONFERENCE**

I certify that Plaintiff Maxell, Ltd. has complied with the requirements of Local Rule CV-7(h). Specifically, counsel for Maxell reached out to counsel for Samsung on September 11, 2024 to explain the basis of its motion. On September 16, 2024, counsel for Samsung indicated that it does not oppose Maxell's motion.

By: */s/ Jamie B. Beaber*
Jamie B. Beaber